JUSTICE LEAPHART
specially concurring.
¶58 I concur in the Opinion of the Court. In doing so, however, I do not imply that I would accept the criteria of the so-called “drug package profile” as being sufficient to establish a reasonable suspicion. Here, the officer’s reasonable suspicion was based on the following facts: (1) it was an express mail package; (2) the label was handwritten rather than a typed business label; (3) all of the seams of the package were taped; (4) the zip code on the label did not match the zip code of the city of origin; (5) the package originated in Tuscon, Arizona, a known drug distribution area; and (6) three other express packages had been delivered to the same address within the past six weeks.
¶59 But for the fact that we mail from Helena, Montana, rather than Tuscon, Arizona, the police, armed with these criteria, could dog-sniff every package that my wife and I mail to our daughters at college. Our packages, I should add, belie the validity of the profile. However, since Ochadleus has not challenged the significance or sufficiency of these criteria, either individually or in the aggregate, the package profile is not at issue in this case.